IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CATHIE SIMMONS                                                              PLAINTIFF

VS.                    CASE NO. 4:05CV00523 JMM

ANTHONY J. PRINCIPI, SECRETARY,
DEPARTMENT OF VETERANS AFFAIRS                                              DEFENDANT

ORDER

Pending before the Court is defendant's motion for summary judgment. Plaintiff has not responded to the pending motion.

Plaintiff brought this lawsuit alleging gender, retaliatory, and racial discrimination in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* based upon an incident in which she was orally reprimanded and verbally harassed.

I. *Facts*[1]

Plaintiff is an African-American female employed by the United States Department of Veterans Affairs as a histopathology technician in the Pathology and Laboratory Medicine Service Department.

On January 21, 2004 plaintiff went to the agency employee health unit to turn in a duty status report regarding her claim with the Department of Labor, Office of Workers'

---

[1] The government has accepted plaintiff's version of the facts as being undisputed.

1

Compensation Program, for an on-the-job injury. She told a co-employee where she was going because her supervisor Ms. Jones, a white female, was not present.

At approximately 8:25 a.m. she returned to her work location and was reprimanded by Ms. Jones who appeared angry. Ms. Jones looked at plaintiff's statement from her doctor and pointed her finger at plaintiff and stated: "The next time you leave your area, you better write on the board where you are going."

Plaintiff attempted to explain where she had been, and was again told to sign out when she left her work station. Plaintiff became nervous and nauseous. She went to the restroom and vomited. Plaintiff tried unsuccessfully to find her second level supervisor and was attempting to make an appointment with Dr. Margie Scott the Chief of the Pathology and Laboratory Medicine Service when Ms. Jones interrupted the process by stating in an angry voice that plaintiff was needed in the lab to do work.

Plaintiff finished making her appointment, returned to Ms. Jones, and told her that plaintiff had to go to the employee health unit because she was stressed. Plaintiff saw the health unit nurse and then left to see her private doctor for stress.

Plaintiff made an administrative complaint of discrimination which was dismissed for failure to state a claim. Plaintiff appealed the Final Agency Decision to the Equal Employment Opportunity Commission which affirmed the agency's decision and subsequently denied plaintiff's request for reconsideration.

Plaintiff had previously filed other EEO claims in October of 2003.

II. *Discussion*

Summary judgment is appropriate when there is no genuine issue of material fact and the dispute may be decided solely on legal grounds. *Iowa Coal Min. Co. v. Monroe County*, 257 F.3d 846, 852 (8th Cir.2001); Fed. R. Civ. P. 56. The initial inquiry is whether there are genuine factual issues that can be properly resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The burden is on the moving party to show that the record does not disclose a genuine dispute on a material fact. *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399 (8th Cir.1995).

At the summary judgment stage in an employment discrimination action, in the absence of direct evidence of racial or ethnic discrimination, an employee must produce sufficient circumstantial evidence of illegal discrimination under the *McDonnell Douglas* paradigm, specifically, by presenting a *prima facie* case of intentional discrimination plus sufficient evidence that one or more of the employer's proffered nondiscriminatory reasons is a pretext for unlawful discrimination. *Griffith v. City of Des Moines*, 387 F.3d 733 (8th Cir. 2004).

Under the burden-shifting framework of *McDonnell Douglas v. Green*, 411 U.S. 792, 801-04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), a plaintiff must first establish a prima facie case of discrimination to establish a claim under Title VII. *Ross v. Kansas City Power & Light Co.*, 293 F.3d 1041, 1046 (8th Cir. 2002). Once the plaintiff does this, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason. *Id.* If the employer satisfies this burden, the burden of production shifts back to the plaintiff to demonstrate that the employer's proffered reason is pretext for unlawful discrimination. *Id.* To establish that an

3

employer's legitimate, nondiscriminatory reason is pretext for discrimination, an employee must offer evidence for a reasonable trier of fact to infer discrimination. *Matthews v. Trilogy Communications, Inc.*, 143 F.3d 1160, 1165 (8th Cir.1998).

To establish a *prima facie* case of discrimination based upon gender, race, or retaliation, plaintiff must first demonstrate that she suffered an adverse employment action. *Schoffstall v. Henderson*, 223 F.3d 818, 825 (8th Cir. 2000) (gender); *Tatum v. City of Berkeley*, 408 F.3d 543, 551 (8th Cir. 2005) (race); *Haas v. Kelly Services, Inc.*, 409 F.3d 1030, 1037 (8th Cir. 2005) (retaliation).

"An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage. . . . Termination, reduction in pay or benefits, and changes in employment that significantly affect an employee's future career prospects meet this standard, but minor changes in working conditions that merely inconvenience an employee or alter an employee's work responsibilities do not." *Sallis v. University of Minn.*, 408 F.3d 470, 477 (8th Cir. 2005) (citing *Spears v. Missouri Dept. of Corrections and Human Resources*, 210 F.3d 850, 853 (8th Cir.2000).

Plaintiff has failed to present any evidence that she has suffered an adverse employment action. She did not suffer any reduction in grade, salary or job benefits. She was not demoted, suspended, or reassigned. Her claim does not rise to the level of an actionable adverse employment action.

To the extent plaintiff is contending that she was subjected to a hostile work environment, she has also failed to establish a *prima facie* case. To prove a hostile work environment, plaintiff must establish a *prima facie* case by showing that (1) she belongs to a protected group;

4

(2) she was subject to unwelcome harassment; (3) a casual nexus exists between the harassment and the protected group status; (4) the harassment affected a term, condition, or privilege of employment; and (5) her employer knew or should have known of the harassment and failed to take proper action. *Tatum v. Arkansas Dept. Of Health*, __ F.3d __, 2005 WL 1421689 (8th Cir. 2005).

In order to " violate Title VII, the conduct must be extreme, and 'isolated incidents (unless extremely serious) will not amount to discriminatory changes in the ' terms and conditions of employment.' *Hesse v. Avis Rent-a-Car System, Inc.*, 394 F.3d 624, 629 (8th Cir. 2005) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998)).

The facts of plaintiff's case do not rise to the level of such extreme conduct.

III. *Conclusion*

Because plaintiff has failed to establish a *prima facie* case of an adverse employment action or a hostile work environment, defendant's motion for summary judgment is granted (#10). Judgment will be entered accordingly.

IT IS SO ORDERED this 11 day of July, 2005.

James M. Moody
United States District Judge

5